**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector Altamiran SANCHEZ,
Defendant–Appellant.**

No. 05–50931.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2007.

Filed July 13, 2007.

788

Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, Sean K. Lokey, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Arthur H. Weed, Santa Barbara, CA, for Defendant–Appellant.

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Before: TROTT, RAWLINSON and ROTH *, Circuit Judges.

MEMORANDUM **

Hector Altamiran Sanchez appeals his sentence of 135 months of imprisonment, which the district court imposed after a jury convicted Sanchez of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession of more than 50 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. 841(a)(1). Sanchez claims that the district court violated his Sixth Amendment jury trial right because it adopted a base offense level under the United States Sentencing Guidelines based on a fact (the quantity of drugs) found by the judge and not the jury. We affirm the judgment of sentence of the district court.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On the other hand, a fact that increases the penalty, but not beyond the statutory maximum, need not be found by a jury. Under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines are advisory rather than mandatory, meaning that extra-verdict judicial factfinding does not offend the Constitution, so long as the sentence imposed does not exceed the statutory maximum. *See United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir. 2005) (en banc). The district court may determine where to start in calculating the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sentence from both evidence that was presented to the jury and additional evidence as found by the district court, so long as the Guidelines are treated as advisory. *See id.*

A jury found that Sanchez committed offenses that involved over 50 grams of methamphetamine. Under 21 U.S.C. § 841(b)(1), this amount of methamphetamine exposed Sanchez to a maximum authorized sentence of life imprisonment (and a mandatory minimum of ten years). In evaluating the advisory Guidelines to determine what sentence within the authorized range was appropriate under 18 U.S.C. § 3553(a), the District Court was entitled to rely on facts found by the judge by a preponderance of the evidence. *See, e.g., United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir.2006) ("[D]istrict courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard."). The District Court, which indicated that its factual conclusion would stand even under a beyond the reasonable doubt standard, did not violate Sanchez's Sixth Amendment rights by finding a fact that increased the advisory Guidelines range, but that did not increase the sentence beyond the statutory maximum of life imprisonment.

**AFFIRMED.**